IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD E. GILES,                                  ) | |
|       Plaintiff,                              ) | |
| vs.                                                         ) | Case No. 3:09-cv-368-JPG-PMF |
| CONTINENTAL CASUALTY COMPANY, an ) Insurance Corporation, HARTFORD ) FINANCIAL SERVICES, INC., an Insurance ) Corporation, and DR. ROBERT BARRACK, ) and the CENTER FOR ADVANCED ) MEDICINE, WASHINGTON UNIVERSITY ) MEDICAL CENTER,                             ) | |
|       Defendants.                         ) | |

MEMORANDUM, ORDER AND
ORDER TO SHOW CAUSE

This matter comes before the Court on the motions to dismiss filed by defendants Robert Barrack (Doc. 8) and Washington University Medical Center ("WUMC"), improperly named as Center for Advance Medicine, Washington University Medical Center (Doc. 13). Barrack and WUMC ask the Court to dismiss plaintiff Richard E. Giles' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, to transfer this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Missouri. Giles has filed a consolidated response to the motions (Doc. 36).

I.  **Background**

This case arose from troubles Giles had in connection with a group long term disability ("LTD") insurance plan ("the Plan"). Giles was enrolled in the Plan as an employment benefit from his employer Phillip Services Corporation. The Plan was underwritten by defendant

Continental Casualty Company ("Continental") and was administered by defendant Hartford Financial Services, Inc. ("Hartford").

Giles was apparently injured and began receiving LTD benefits under the Plan beginning in February 2004. Two years later, Hartford informed Giles that his LTD benefits had been terminated. That decision was apparently based on a functional assessment from the office of defendant Barrack, Giles' treating orthopedic surgeon, finding that Giles was able to perform sedentary work. Giles believed that the assessment was erroneous, that he was incapable of performing any work at all and that he was therefore entitled to lifetime LTD benefits under the Plan. According to Giles, Barrack acknowledged the assessment was inaccurate and had been signed by someone in his office without his authority. Nevertheless, Barrack failed to revise the assessment or submit a new assessment when Giles asked him to.

Barrack apparently practices in a building, the Center for Advanced Medicine, owned by WUMC.

In May 2009, Giles filed this lawsuit. He attempts to plead a cause of action against each defendant to recover benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In his claim against Barrack and WUMC (Count II), he alleges Barrack was negligent in failing to prepare an accurate functional assessment, in authorizing submission of the assessment to Hartford, in failing to acknowledge the erroneous assessment to Hartford and to correct it, and in failing to complete a new assessment. He asserts WUMC is liable for Barrack's negligence because he was functioning as an agent of WUMC at the relevant times.

Barrack and WUMC now ask the Court to dismiss this case for lack of subject matter

jurisdiction because Giles cannot plead an ERISA cause of action against them. They further ask the Court to dismiss the claims against them for lack of personal jurisdiction because they have insufficient connections with the state of Illinois to justify being forced to appear before the District Court for the Southern District of Illinois. Alternatively, they ask the Court to transfer this case to the District Court for the Eastern District of Missouri, which has personal jurisdiction over them. Giles argues that even if he cannot make out an ERISA cause of action against Barrack and WUMC, he has adequately pled a Missouri state law negligence cause of action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). He further urges the Court to keep the defendants in this case and keep the case in this district for reasons of judicial economy.

As it must, the Court addresses the question of jurisdiction first, then turns to the question of venue.

**II.     Analysis**

    A.     <u>Subject Matter Jurisdiction</u>

The Court will not dismiss Giles' claims against Barrack and WUMC for lack of subject matter jurisdiction. Giles essentially concedes he cannot make out an ERISA claim against those defendants. Indeed, the proper defendant in an ERISA claim for benefits under § 502(a)(1)(B) is the ERISA plan itself and, in some special instances, the employer administrator of the plan. *See Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004) (citing *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n. 4 (7th Cir. 2001); *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996)); *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551

3

(7th Cir. 1997).  It is clear that Barrack and WUMC are not proper defendants in Giles' ERISA claim for benefits.

However, Giles' erroneous identification of his claim as an ERISA claim is not fatal as long as relief is possible under any set of facts consistent with the allegations.  *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).  Here, Giles has pled facts that support a negligence claim, and he believes the Court has jurisdiction over that claim pursuant to 28 U.S.C. § 1332(a).  Under § 1332(a), a district court has diversity jurisdiction over actions between citizens of different states where more than $75,000, exclusive of interest and costs, is in issue.

The Court cannot determine whether it has diversity jurisdiction over this case because Giles has not properly alleged the citizenships of the parties.  He alleges his and Barrack's residence, but not their citizenships.  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence.  *See* 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905).

Giles also fails to name the states of incorporation and of the principal place of business of each of the corporate defendants.  A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation.  28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).

These errors are immaterial, however, because the Court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367(a) over Giles' claims against Barrack and WUMC. Supplemental jurisdiction comes into play in a case where the Court has original jurisdiction over some claims, and other claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a).  The Court may exercise supplemental jurisdiction over the related claims regardless of whether it would have had original jurisdiction over them.

Here, the Court clearly has original federal question jurisdiction over the claims against Continental and Hartford because they attempt to assert claims under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  *See* 28 U.S.C. § 1331.  Giles' claims against Barrack and WUMC arise out of the same core facts and form part of the same case and controversy.  Therefore, the Court has supplemental jurisdiction over those claims.[1]

For these reasons, the Court will not dismiss Giles' claims against Barrack and WUMC under Rule 12(b)(1) for lack of subject matter jurisdiction.

B.      Personal Jurisdiction

The Court lacks personal jurisdiction over Barrack and WUMC and cannot hear Giles' claims against those defendants for the sake of expediency.

A federal court hearing a state law claim looks to the personal jurisdiction law of the state in which the court sits to determine if it has jurisdiction.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Dehmlow v. Austin Fireworks*, 963

---

[1] The Court expresses no opinion about whether such negligence claims are preempted by ERISA.  Neither party has addressed the issue of preemption, and the Court is not inclined to consider the issue in the absence of briefing from the parties.

F.2d 941, 945 (7th Cir. 1992)).  Thus, this Court applies Illinois law.  Under Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grant personal jurisdiction and if the exercise of personal jurisdiction is permissible under the Illinois and United States constitutions.  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990).

    1.  Illinois Statutory Law

Under Illinois law, the long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and United States constitutions.  *See* 735 ILCS 5/2-209(c);  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002);  *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).  Therefore, whether the Court has jurisdiction over a defendant depends on whether such jurisdiction is permitted by federal and state constitutional standards.

    2.  Illinois Constitutional Law

The Illinois Constitution's due process guarantee, Ill. Const. art. I, § 2, permits the assertion of personal jurisdiction "when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois."  *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990).  When interpreting these principles, a court may look to the construction and application of the federal due process clause.  *Id*.  In fact, the Seventh Circuit Court of Appeals has suggested that there is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction.  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing *RAR, Inc. v. Turner Diesel Ltd.,* 107 F.3d 1272, 1276 (7th Cir.

1997)). The Court sees nothing in this case indicating that in this particular situation the federal and state standards should reach a different result. Therefore, if the contacts between the moving defendants and Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of both the Illinois long-arm statute and the Illinois Constitution have also been met, and no other inquiry is necessary.

        3.        <u>Federal Constitutional Law</u>

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1878), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977). Under federal due process standards, a court can have personal jurisdiction over a defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have purposefully established such contacts with the forum state such that it "should reasonably anticipate being haled into court there" because it has "purposefully avail[ed] itself of the privilege of conducting activities" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In deciding whether exercising jurisdiction offends traditional notions of fair play and substantial justice, the Court may also consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987).

What that standard means in a particular case depends on whether the plaintiff asserts "general" or "specific" jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9 (1984)). General jurisdiction, on the other hand, may exist even in suits that do not rise out of or relate to the defendant's contacts so long as the defendant has "continuous and systematic" contacts with the forum state. *Hyatt*, 302 F.3d at 713; *Helicopteros Nacionales*, 466 U.S. at 416.

The undisputed evidence in this case shows that Barrack was a resident of Missouri and has practiced medicine solely in Missouri. All of Barrack's office visits, assessments, reviews or discussions of assessments related to Giles took place in Missouri, and every alleged act of Barrack's negligence occurred in Missouri. In addition, all correspondence at issue in this case was sent to Barrack in Missouri.

The undisputed evidence further shows that WUMC is a not-for-profit corporation organized under Missouri law with its principal place of business in Missouri. WUMC does not provide medical treatment or assessments by physicians, and it did not employ, supervise or control Barrack. None of the medical treatment, office visits, assessments, correspondence, reviews and/or discussions relating to assessments to or on behalf of Giles were provided by agents or employees of WUMC. WUMC further conducts no operations and transacts no business in Illinois.

It is clear that Barrack and WUMC are not subject to the general jurisdiction of Illinois courts and, by extension, of this Court. Neither has established any purposeful, continuous and

systematic contact with the state such that they could reasonably anticipate being haled into court there. They are also not subject to the specific jurisdiction of Illinois courts because this case does not arise out of any contact they had with Illinois. All purposeful contact between the moving defendants and the conduct alleged in this case occurred in Missouri. The mere fact that Giles resided in Illinois when Barrack treated him and when his office sent a functional assessment about him – all from WUMC's building – is insufficient to establish personal jurisdiction in an Illinois court. *See, e.g., Rogers v. Furlow*, 699 F. Supp. 672 (N.D. Ill. 1988); *Veeninga v. Alt*, 444 N.E.2d 780 (Ill. App. Ct. 1982); *Ballard v. Fred E. Rawlins, M.D., Inc.*, 428 N.E.2d 532 (Ill. App. Ct. 1981); see also *Kennedy v. Freeman*, 919 F.2d 126, 129 (10th Cir. 1990).

Giles essentially concedes that the contacts between Barrack and WUMC, on the one side, and Illinois, on the other side, are insufficient to subject those defendants to the jurisdiction of Illinois courts or a federal sitting therein. He urges the Court to overlook this fact and exercise "concurrent jurisdiction" to promote judicial economy by deciding all claims in this case in the same forum. The Court is puzzled by Giles' reference to concurrent jurisdiction. Where personal jurisdiction is lacking, as it is here, the Court simply does not have the power to hear the claims no matter how efficient doing so would be. Any judgment would be void with respect to defendants over which the Court does not have personal jurisdiction. *See Burnham v. Superior Court of Cal.*, 495 U.S. 604, 608-09 (1990). Thus, this Court cannot hear Giles' claims against Barrack and WUMC.

    C.    <u>Transfer</u>

Where a court lacks personal jurisdiction over a defendant, it has discretion to dismiss the

claims against the defendant or transfer the case pursuant to 28 U.S.C. § 1406(a) to a jurisdiction where personal jurisdiction exists.  Section 1406(a) states in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The court need not have personal jurisdiction over the defendant to transfer the case. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962).  Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it, especially where the plaintiff filed suit in the wrong district because of elusive or mistaken facts or where the plaintiff will suffer harm from dismissal, such as a time-bar to refiling.  *See Goldlawr*, 369 U.S. at 466; *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 551-52 (7th Cir. 2004).  Transfer further avoids the "time-consuming and justice-defeating technicalities" required to refile a case in a proper venue. *See Goldlawr*, 369 U.S. at 467 (internal quotations omitted).  Nevertheless, the decision to dismiss instead of transfer is within the Court's discretion when the plaintiff, in its initial choice of forum, disregarded the elementary issue of whether personal jurisdiction existed. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).  This may hold true even if dismissal results in the loss of a cause of action because the statute of limitations has run. *Id.* at 578-80.

The interests of justice in this case do not favor a transfer.  The undisputed facts show that personal jurisdiction over Barrack and WUMC existed in the Eastern District of Missouri and not in the Southern District of Illinois.  Giles' decision to file his case here was not the result of some elusive or mistaken fact of the sort discussed in *Goldlawr* that would counsel transfer as opposed to dismissal.  Instead, the misfiling was the result of a blatant disregard for the question

of where personal jurisdiction existed. Furthermore, Giles has not argued he will suffer harm from dismissal of his claims against Barrack and WUMC instead of transfer. There is a dispute about whether Giles' complaint was timely filed in this district to begin with, but Giles makes no argument in his response that the statute of limitations would bar refiling his claims against Barrack and WUMC should this case be dismissed. Finally, the Court is uncomfortable transferring this case in the absence of input from defendants Continental and Hartford. There is no allegation or evidence a court in Missouri would have personal jurisdiction over them or, more importantly, that transfer of the claims against them would be in the interests of justice. For these reasons, the Court declines to transfer this case to the Eastern District of Missouri and will instead dismiss Giles' claims against Barrack and WUMC (Count II) for lack of personal jurisdiction.

### III. Remaining Defendants

There is no evidence in the record that service of process has been effected upon defendants Continental and Hartford within 120 days after the filing of the complaint, as prescribed by Federal Rule of Civil Procedure 4(m). Accordingly, the Court will order Giles to show cause on or before February 19, 2010, why his claims against Continental and Hartford (Count I) should not be dismissed without prejudice for failure to timely effect service.

### IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Barrack's and WUMC's motions to dismiss (Docs. 8 & 13);

- **DISMISSES** Giles' claims against Barrack and WUMC (Count II) **without prejudice for lack of personal jurisdiction**;

- **DENIES as moot** Barrack's and WUMC's motions to dismiss based on the statute of

      limitations (Docs. 10 & 15);

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case; and

- **ORDERS** Giles to **SHOW CAUSE** on or before February 19, 2010, why his claims against Continental and Hartford (Count I) should not be dismissed without prejudice for failure to timely effect service.  Failure to respond in a timely manner to this order will result in dismissal of this action.

**IT IS SO ORDERED.**
**DATED THIS 5th day of February, 2010.**

                                                s/ J. Phil Gilbert
                                                **District Judge**